## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ROBERT R. HICKS,** | : | |
| | : | **Civil Action Number:** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | **Jury Trial Demanded** |
| | : | |
| **SRSANDCO, LLC d/b/a MUDLICK** | : | |
| **MAIL, and TIM ROSS, JR.,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff, Robert R. Hicks ("Plaintiff") by and through the undersigned counsel, brings this complaint against Defendants SRSandco, LLC d/b/a Mudlick Mail ("SRSandco") and Tim Ross, Jr. ("Ross") and pleads as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA to (1) recover the overtime pay that was denied him; (2) an additional amount as liquidated damages; and (3) for his costs of litigation, including his reasonable attorneys' fees.

- 1 -

2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant SRSandco, LLC d/b/a Mudlick Mail is located in this judicial district;

and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

### 6.

Plaintiff resides within Cherokee County, Georgia.

### 7.

SRSandco employed Plaintiff Robert R. Hicks as a National Account Manager and an International Account Manager in Acworth, Georgia from January 26, 2012 until June 18, 2012.

### 8.

At all times relevant to this suit, Plaintiff has been an "employee" of "SRSandco" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

### 9.

From on or about January 26, 2012 until June 18, 2012, Plaintiff has been "engaged in commerce" as an employee of Defendant SRSandco as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

### 10.

Defendant SRSandco is a corporation organized under the laws of the State of Georgia.

11.

At all times material hereto, Defendant SRSandco has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

From on or about January 26, 2012 until June 18, 2012, Defendant SRSandco was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

During 2012, Defendant SRSandco had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2012, Defendant SRSandco had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, Defendant SRSandco had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2012, Defendant SRSandco had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

17.

At all times material hereto, Defendant SRSandco has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

18.

Defendant SRSandco is subject to the personal jurisdiction of this Court.

19.

Defendant Ross resides within Paulding County, Georgia.

20.

At all times material hereto, Defendant Ross exercised operational control over the work activities of Plaintiff.

21.

At all times material hereto, Defendant Ross was involved in the day to day operation of the division of SRSandco in which Plaintiff worked.

22.

At all times material hereto, Defendant SRSandco vested Defendant Ross with supervisory authority over Plaintiff.

23.

At all times material hereto, Defendant Ross exercised supervisory authority over Plaintiff.

24.

At all times material hereto, Defendant Ross scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

25.

At all times material hereto, Defendant Ross exercised authority and supervision over Plaintiff's compensation.

26.

At all times material hereto, Defendant Ross has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

27.

Defendant Ross is subject to the personal jurisdiction of this Court.

28.

At all times relevant to this suit and while an employee of Defendant SRSandco, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. §  213.

29.

At all times relevant to this suit and while an employee of Defendant SRSandco, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

30.

At all times relevant to this suit and while an employee of Defendant SRSandco, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

31.

At all times relevant to this suit and while an employee of Defendant SRSandco, Plaintiff  was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

32.

At all times relevant to this suit and while an employee of Defendant SRSandco, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of  29 USC § 213 (a).

33.

At all times relevant to this suit and while an employee of Defendant SRSandco, Plaintiff did not qualify as a commissioned employee exempt from the maximum hour requirements of  29 USC § 207 (i).

## COUNT I — FAILURE TO PAY OVERTME

34.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

35.

At all times material hereto, Robert R. Hicks has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

36.

During his employment with Defendants, Robert R. Hicks regularly worked in excess of forty (40) hours each week.

37.

During Plaintiff's employment with Defendants, Defendants directed Plaintiff to do additional work from home after normal business hours.

38.

Defendants were aware of, permitted and in fact required Plaintiff's overtime work.

39.

Defendants failed to pay Robert R. Hicks at one and one half times his regular rate for work in excess of forty (40) hours in any week from January 26, 2012 through June 18, 2012.

40.

Defendants willfully failed to pay Robert R. Hicks at one and one half times his regular rate for work in excess of forty (40) hours in any week from January 26, 2012 through June 18, 2012.

41.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

42.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

43.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – BREACH OF CONTRACT
## AS TO DEFENDANT SRSANDCO

44.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

45.

Plaintiff and Defendant were parties to a contract of employment (hereafter "the Contract") from on or about January 26, 2012 through June 18, 2012.

46.

The Contract provided that Defendant would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

47.

The Contract further provided that Defendant would pay Plaintiff a base salary plus commissions for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

48.

During Plaintiff's employment with Defendants, Plaintiff attended three (3) conventions out of the State of Georgia for which Defendants failed to pay him.

49.

During Plaintiff's employment with Defendants, Plaintiff earned commissions in the amount of $1,019.43 which Defendants failed to pay him.

50.

Defendant's failure to pay Plaintiff for work he performed at the aforementioned conventions constitutes a material breach of the Contract.

51.

Defendant's failure to pay Plaintiff commissions in the amount of $1,019.43 for work he performed on behalf of Defendant constitutes a material breach of the Contract.

52.

As the direct and foreseeable result of these breaches, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

- 11 -

## COUNT III – QUANTUM MERUIT
## AS TO DEFENDANT SRSANDCO

### 53.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

### 54.

From on or about January 26, 2012 through June 18, 2012, Plaintiff served as a National Account Manager for Defendant.

### 55.

Plaintiff's service as a National Account Manager for Defendant as described above was valuable to Defendant.

### 56.

Defendant requested Plaintiff's service as a National Account Manager.

### 57.

Defendant knowingly accepted Plaintiff's service as a National Account Manager.

### 58.

The receipt of Plaintiff's services as a National Account Manager for Defendant without compensation would be unjust.

59.

Plaintiff expected to be compensated at the time he provided his services as a National Account Manager.

60.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services he provided as a National Account Manager for Defendant, in an amount to be determined at trial.

## COUNT IV - PROMISSORY ESTOPPEL
## AS TO DEFENDANT SRSANDCO

61.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

62.

On January 26, 2012, Defendant promised to pay Plaintiff in return for Plaintiff's service as a National Account Manager for them.

63.

Defendant should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a National Account Manager for Defendant.

64.

Defendant promise induced Plaintiff to act in reliance thereof, i.e., to serve as a National Account Manager for Defendant, to his detriment.

65.

Plaintiff's service as a National Account Manager for Defendant conferred a benefit on Defendant.

66.

Defendant failed to pay Plaintiff in accordance with their promise.

67.

Plaintiff relied on Defendant's promise.

68.

Plaintiff's reliance on Defendant's promise was reasonable.

69.

Injustice can only be avoided by enforcement of Defendant's promise.

70.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services he provided as a National Account Manager for Defendant, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial;

4. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,


3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

*DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*
*/S/ MICHAEL A. CALDWELL*
MICHAEL A. CALDWELL
GA. BAR NO. 102775
*/S/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791
**COUNSEL FOR PLAINTIFF**